928

■ KLEARTONE TRANSPARENT PRODUCTS CO., INC., Respondent, v. GUS-TAVE TRENT et al., Doing Business as BERT MANUFACTURING COMPANY, Appellants.— In an action to recover: (a) $10,698.99 for goods manufactured for, delivered to and accepted by defendants [first cause of action]; and (b) $1,744.20 for such goods as defendants rejected [second cause of action], in which defendants interposed a counterclaim to recover $6,236.28 as damages for breach of contract, defendants appeal from so much of an order of the Supreme Court, Nassau County, dated June 24, 1963, as granted plaintiff's motion for partial summary judgment to the extent of awarding $4,462.71 to plaintiff on the first cause; and, upon appropriate severance of that cause, directed that judgment be entered for such amount, together with interest. Order modified as follows: (1) by reducing the amount for which partial summary judgment was granted to $3,007.80, together with interest thereon; and (2) by directing that entry of judgment therefor be held in abeyance pending determination of the remaining issues in the action (CPLR 3212, subd. [e], par. 2). As so modified, order, insofar as appealed from, affirmed, without costs. Defendants concede that plaintiff is entitled to recover $3,007.80 on the first cause of action. That amount is for goods covered by a contract which was made prior to the October 29, 1962 contract which covers the remainder of the goods in question. The latter contract required plaintiff to deliver half of the quantity of the goods embraced therein "at once" and the remainder "2 weeks later." It is undisputed: (a) that plaintiff failed to comply with these requirements; (b) that defendants nevertheless accepted successive shipments (most of them being subsequent to the scheduled time for the second delivery) until about December 20, 1962, when defendants cancelled all further deliveries; and (c) that the total of such shipments consisted of less than the total amount of the goods embraced in the contract. Under the applicable statute (Personal Property Law, § 125, subd. 1), defendants became liable to plaintiff for the goods which they accepted. However, as prescribed by this statute, the measure of the liability presents a triable issue of fact. If, in accepting the goods, the defendants knew that plaintiff was "not going to perform the contract in full," they "must pay for them at contract rate." If, however, defendants "used or disposed of the goods delivered before" they knew plaintiff was "not going to perform" its "contract in full," they are not liable "for more than the fair value" of the goods. While it would be permissible to have that issue determined upon an assessment instead of upon a plenary trial (CPLR, 3212, subds. [b], [c], [e]), we believe the better procedure in this case would be to have that issue determined at the trial which must be had on the second cause of action and on the counterclaim. Kleinfeld, Christ, Hill and Rabin, JJ., concur; Ughetta, Acting P. J., dissents and votes to affirm the order, with the following memorandum: The defendants, by failing to deny the allegations contained in the first cause of action, admitted their liability for the bags delivered at the contract price of $10,698.99. Moreover, they offered to pay that price, less the $6,236.28 demanded in their counterclaim for consequential damages arising from late delivery, and in effect consented to a partial summary judgment in plaintiff's favor for the difference — $4,462.71. Special Term accepted that offer. However, in a supplemental affidavit, the defendants revoked that offer and requested leave to amend their pleadings to allege, as a defense to the first cause of action, plaintiff's breach of an indivisible contract to deliver bags, and modified their offer to indicate a willingness to pay $3,007.80 for some of the bags which were delivered under an earlier agreement. Defendants contend that, due to plaintiff's breach of an entire contract by

reason of late delivery, the plaintiff is not entitled to any recovery for the other bags which were delivered to and retained by the defendants; that under the common law the contract is one for work, labor and services; and that, at best, for the remainder of the bags the plaintiff is entitled only to their fair value rather than the contract price.— The majority of the court agree to the extent of holding: (a) that there is a question of fact whether defendants, when they accepted the bags, knew that " the seller was not going to perform the contract in full; " and (b) hence that there is a question of fact whether plaintiff is entitled to fair value or to the contract price (Personal Property Law, § 125, subd. 1). In my opinion, however, there is no issue of fact as to the state of defendants' collective mind. It is conceded that most of the bags were delivered after November 12, 1962, the date upon which defendants claim that all the bags were required to have been delivered. It was the defendants who cancelled the agreement for late deliveries on December 20, 1962. Defendants knew that even under their own version of the contract, the plaintiff was in default on November 12, 1962. Therefore, when defendants thereafter accepted the goods, they could only have known that the " seller was not going to perform the contract in full." Accordingly, for the goods received they were required under the statute (Personal Property Law, § 125, subd. 1) to pay at the contract rates (*Doxey* v. *Coates, Bennett & Reidenbach,* 181 App. Div. 207; *Perkins* v. *Minford,* 235 N. Y. 301, 304). Therefore, the order assessing defendants at contract rates for the bags accepted by defendants, but deducting the amount of their counterclaim for consequential damages to await trial, was properly made. Finally, it should be observed that Special Term was not obliged to honor defendants' belated change of position.